UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JORGE SOLANO-MORETA,

    Plaintiff,

v.                                                Case No. 2:18-CV-111

ERICA HUSS, et al.,                       HON. GORDON J. QUIST

    Defendants.
_____/

## **OPINION AND ORDER ADOPTING**
## **REPORT AND RECOMMENDATION**

Plaintiff, Jorge Solano-Moreta, a federal prisoner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on events that occurred while he was housed at Marquette Branch Prison (MBP), a Michigan Department of Corrections (MDOC) facility. Solano-Moreta's only remaining claim involves an alleged denial of out-of-cell exercise, and the only remaining Defendants are Warden Erica Huss and former Warden Robert Napel. Defendants filed a motion for summary judgment, arguing that Solano-Moreta failed to exhaust his administrative remedies against them because he failed to name them in his grievance. (ECF No. 30.) On October 10, 2019, Magistrate Judge Maarten Vermaat submitted a Report and Recommendation (R & R) recommending that this Court grant Defendants' motion for summary judgment based on Solano-Moreta's failure to exhaust his administrative remedies and deny Solano-Moreta's motion to produce legal documents (ECF No. 25) as moot. (ECF No. 39.)

Solano-Moreta objected to the R & R, arguing that Defendants waived the defense of exhaustion by addressing his grievance on the merits and that, nevertheless, he had properly raised the issue against Defendants at a Warden's Forum meeting. (ECF No. 40.) Upon receiving

objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court.

To properly exhaust administrative remedies, a prisoner must comply with MDOC grievance procedures. The MDOC requires prisoners to identify the individuals being grieved. But if MDOC proceeds to address the grievance on the merits despite a procedural irregularity, it cannot later raise the defense of failure to exhaust. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010).

The only grievance identified as relevant by either party is MBP-18-03-0374-22F. (ECF No. 31-3 at PageID.211-15.) Although the grievance proceeded through all steps of the grievance process and was addressed on the merits, Solano-Moreta named only "the COs" (correction officers) as those responsible for denying him out-of-cell exercise time. Accordingly, Solano-Moreta's claim is properly exhausted only against the corrections officers, not the wardens. Thus, Solano-Moreta failed to exhaust his claims against Defendants.

Solano-Moreta also argues that he did not have to file a grievance to exhaust his claims against Defendants because he told the prison counselor to address his claims at a Warden's Forum meeting, and, because this issue involves the entire prison population, a Warden's Forum meeting is the appropriate place to raise the issue. However, as the magistrate judge explained, (1) there is nothing in the record to support the assertion that the entire prison population was concerned with the alleged denial of out-of-cell exercise time to Solano-Moreta; (2) his grievance was not rejected

as raising an issue concerning the entire prison population; (3) Solano-Moreta did not properly raise the issue in a Warden's Forum meeting; and (4) Solano-Moreta still needed to exhaust his claims against each Defendant by filing an appropriate grievance. Thus, Solano-Moreta did not exhaust his claims by raising the denial of out-of-cell exercise time through the Warden's Forum.

Therefore,

**IT IS HEREBY ORDERED** that the October 10, 2019, Report and Recommendation (ECF No. 39) is **adopted** as the Opinion of this Court. Plaintiff's Objections (ECF No. 40) are **overruled.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment Based on Failure to Exhaust (ECF No. 30) is **granted.** Plaintiff's claim that he was unconstitutionally denied out-of-cell exercise time is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Produce Legal Documents (ECF No. 25) is **denied** as moot.

This case is **concluded.** A separate judgment will enter.


Dated: November 27, 2019                               /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE